Dear Sheriff Cook:
Your request for an Attorney General opinion has been forwarded to me for research and response. In particular you have asked the following question:
 Does a district court have the authority to order the sheriff to open the doors of the parish jail so that private citizens may bring in and book persons upon whom they purportedly made a citizen's arrest?
The first issue that must be resolved in answering your question is who controls access to the jails. This is answered by the clear language of Louisiana law, which expressly states that the principal functions of the sheriff are the keeper of the parish jail and executive officer of the criminal district court:
L.S.A. R.S. 15:704, entitled Sheriff Keeper of Jail:
 Each sheriff shall be the keeper of the public jail of his parish, and shall by all lawful means preserve the peace and apprehend all disturbers thereof, and other public offenders.
L.S.A. R.S. 33:1435 states in pertinent part:
 Each sheriff shall be the keeper of the public jail of his parish and shall preserve the peace and apprehend public offenders.
Therefore, the sheriff is the keeper of his parish's respective jail, and controls who gains access to those jails.
This conclusion leads to your ultimate question, which involves a legal interpretation of the authority of district court judges. We find that there is no statutory authority permitting the district court judge to force the sheriff of the parish to allow access to private citizens (whether the citizen's arrest was valid or not), though this office does recognize that there are limits to the sheriff's control over the parish jails. There are Constitutional issues as far as the rights of inmates are concerned. Further, La. C.Cr.P. art. 228 (A) provides that "peace officers" must be allowed entry to book persons they have arrested:
 It is the duty of every peace officer making an arrest, or having an arrested person in his custody, promptly to conduct the person arrested to the nearest jail or police station and cause him to be booked. The procedure is the same, regardless of whether the charge underlying the arrest is a misdemeanor or a felony.
The Official Revision Comment (d) to art. 228 states: "The police officer who fails to book his prisoner promptly, as required by this article, . . . will be guilty of malfeasance in office under R.S. 14:134." As such, a law enforcement officer who does not book an arrestee promptly is himself liable for a felony charge.
The term "peace officer" has been settled under Louisiana statutes and legal interpretations thereof. Of course, the sheriff and his deputies are peace officers and, as such, are obligated under the above-cited article to book their arrestees. In Attorney General's Opinion 97-179, this office determined that persons hired by the 4th District Court and subsequently given the title of probation officers, by the court, are not peace officers, and therefore do not have the powers of arrest. Under La. R.S. 40:2402, "peace officer" is defined as ". . . any full-time employee of the state, a municipality, a sheriff or other public agency, whose permanent duties actually include the making arrests, the performing of searches and seizures, or the execution of criminal warrants, and is responsible for the prevention or detection of crime or for the enforcement of the penal, traffic, or highway laws of the state, but not including any elected or appointed head of a law enforcement department." La. R.S. 40:2402 further recites the agencies in which an officer must be employed to be classified as a "peace officer." La. R.S. 40:2405 in part states that "a peace officer in the state of Louisiana is required to complete a council approved certified training program and pass a council approved exam."
Any person who does not qualify as a "peace officer" under the above cited authority has no statutory basis by which to force entry into the parish jail. Further, it is clear that the intention of the Louisiana legislature was to expressly limit the power of a private citizen to make an arrest. La. C.Cr.P. art. 214 states in pertinent part:
 A private person may make an arrest when the person arrested has committed a felony, whether in or out of his presence.
Outside the purviews of La. C.Cr.P. art. 214, a private citizen has no power of arrest. This limited authority was granted for extraordinary situations in which criminal offenders may be brought to justice only by intervention by private citizens. However, it is absurd to argue that the legislature intended that the private citizen making the arrest should follow through with all the capabilities of a peace officer. Rather, the citizen must turn the offender over to the police (see L.S.A. C.Cr.P. art. 226). Therefore, a private citizen has no basis to enter a jail to book an arrestee, and the district court judge has no authority to order the sheriff to allow such entry.
It is the opinion of this office that the sheriff is the keeper of his parish's respective jail, and that the district court judge has no authority to order the sheriff to allow private citizens to enter the jail for the purposes of booking a citizen's arrest.
I hope this opinion has adequately addressed your needs. If I can be of further assistance, please do not hesitate to contact me. With warmest regards, I remain
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: ELLISON C. TRAVIS Assistant Attorney General
RECEIVED: September 11, 1997
RELEASED: